J-A20028-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                     :
            v.                       :
                                     :
                                     :
JEFFREY WAYNE TARPLEY, JR.     :
                                     :
           Appellant              :     No. 1531 WDA 2019

Appeal from the Judgment of Sentence September 16, 2019
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000472-2017,
CP-56-CR-0000493-2017

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                 FILED NOVEMBER 19, 2020

Appellant, Jeffrey Wayne Tarpley, Jr., appeals from the judgment of sentence entered on March 1, 2018, as made final by the denial of his reinstated post-sentence motion on September 16, 2019,[1] following his guilty pleas to two counts of possession with intent to deliver ("PWID").[2] We affirm.

The trial court accurately summarized the relevant facts and procedural history of this case as follows.

—————————————————————

[1] As detailed below, on November 13, 2018, Appellant filed a petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In his PCRA petition, Appellant alleged that his trial counsel was per se ineffective for failing to file a post-sentence motion challenging the discretionary aspects of his sentence. The PCRA court granted Appellant's petition and reinstated his right to file a post-sentence motion and direct appeal.

[2] 35 P.S. § 780-113(a)(30).

[Appellant] was identified as a suspect during a Pennsylvania State Police ("PSP") investigation into an overdose resulting in death that occurred on March 3, 2017. Specifically, the investigation revealed that [Appellant] was a link in the "chain of events" that led to the victim's death. Consequently, PSP arranged a controlled buy between [Appellant] and a PSP confidential informant. On March 10, 2017, the controlled buy transpired, and PSP arrested [Appellant] for selling fentanyl. Based upon these events, the Commonwealth initiated the above-captioned cases against [Appellant]. [Docket Number CP-56-CR-0000493-2017 ("Docket Number 493-2017") was] based upon the controlled buy, and [Docket Number CP-56-CR-0000472-2017 ("Docket Number 472-2017") was] based upon [Appellant's] role in the chain of events that led to the victim's death.

On December 12, 2017, [Appellant] appeared before [the trial court] and pled guilty in the above-captioned cases to two separate counts of [PWID.] On March 1, 2018, [the trial court] sentenced [Appellant] to [serve 40 to 100 months' incarceration under Docket Number 472-2017 and 32 to 68 months incarceration under Docket Number 493-2017. The trial court] ordered [Appellant to] serve th[e] sentences consecutively, creating an aggregate sentence of [six] to 14 years['] imprisonment. ... Neither [Appellant] nor his attorney, Meghan E. Will, Esq., challenged the sentence at the sentencing hearing or in a post-sentence motion.

On March 13, 2018, [Appellant], through Attorney Will, filed an appeal, challenging the discretionary aspect of his sentence. Commonwealth v. Tarpley, 2018 WL 5118055, at *1 (Pa. Super. Oct. 22, 2018). Th[is Court] explained that [Appellant's] counsel failed to preserve that issue for appeal by [not] raising it at the time of sentencing or in a post-sentence motion. [Id. at *1-2.] Thus, [this Court] held that [Appellant] waived the issue and affirmed his judgment of sentence. [Id.]

On November [13], 2018, [Appellant] filed a pro se PCRA petition. [The PCRA court] then appointed David T. Leake, Esq. to represent [Appellant] with respect to the PCRA petition. On February 14, 2019, [Appellant,] through his appointed PCRA counsel, filed an amended PCRA petition[.] The crux of the petition was that [Appellant's] trial counsel, Attorney Will, committed per se ineffective assistance of counsel by failing to preserve

- 2 -

[Appellant's] discretionary aspects of sentencing claim. On May [30], 2019, after reviewing the petition and conducting a full evidentiary hearing, [the PCRA court] granted Appellant's PCRA petition. Accordingly, [the court] reinstated [Appellant's] rights to file a post-sentence motion and seek a direct appeal.

On June 3, 2019, [Appellant] timely filed his post-sentence motion, challenging the discretionary aspects of his [six] to 14 year aggregate sentence. ... [The trial court] summarily denied the motion [on September 16, 2019.]

Trial Court Opinion, 1/7/2020, at 1-3 (some internal citations and parallel citation omitted).

On October 9, 2019, Appellant filed a single notice of appeal.[3] On November 6, 2019, this Court issued a rule to show cause why the appeal should not be quashed pursuant to our Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). On November 14, 2019 counsel for Appellant responded to the rule to show cause. In his response, Appellant's counsel acknowledged that he failed to file two separate notices of appeal, necessitated by the fact that the March 1, 2018 judgment of sentence imposed punishment for offenses prosecuted at two trial court dockets. Response to Rule to Show Cause, 11/14/19, at *1 (un-paginated). Counsel also requested, inter alia, that this Court "not quash the appeal and grant [] Appellant leave [to file] a separate [n]otice of [a]ppeal . . . to remedy the situation." Id. On November 21, 2019, this Court discharged the rule to

---

[3] On October 22, 2019, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 7, 2020.

show cause by per curiam order and permitted the appeal to continue with the proviso that the ruling was not a binding, final determination and that the panel assigned to address the merits of the appeal could further address the Walker issue.

Hence, before we consider the merits of Appellant's claim, we must first determine whether this appeal is properly before us. As this Court previously explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...." [Walker, 185 A.3d at 976]. The Official Note now reads:
>
> > Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> In Walker, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." Walker, 185 A.3d at 976-[9]77. Therefore, the Walker Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." Id. at 977. However, the Court tempered its holding by making it prospective [and applicable only to appeals filed after June 1, 2018], recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." Id. Accordingly, the Walker Court directed that "in

- 4 -

> future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.*

*Commonwealth v. Williams*, 206 A.3d 573, 575–576 (Pa. Super. 2019) (emphasis in original). Because Appellant filed his notice of appeal on October 9, 2019, the rule announced in *Walker* governs.[4] As stated above, Appellant filed a single notice of appeal listing two docket numbers, rather than two separate notices of appeal at each trial court docket. As such, Appellant violated our Supreme Court's mandate in *Walker* and this appeal is subject to quashal.

This Court, however, in *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019), declined to quash an appeal listing two docket numbers because the trial court misinformed Stansbury that he could file a single notice of appeal. Indeed, we determined that the trial court's failure to advise Stansbury properly regarding his appellate rights amounted to a "breakdown in the court system" and, accordingly, we excused his failure to comply with *Walker*. *Stansbury*, 219 A.3d at 160. Notably, this holding in *Stansbury*

_____

[4] We recognize that the trial court sentenced Appellant on March 1, 2018, prior to our Supreme Court's decision in *Walker*. As explained above, however, *Walker* applies to any notice of appeal filed after June 1, 2018. See *Williams*, 206 A.3d at 576 (explaining that because the appellant's notice of appeal was "hand-dated June 4, 2018, and the envelope in which it was mailed bears a postmark of June 5, 2018," it was subject to quashal under *Walker* even though the PCRA court denied the appellant's PCRA petition on May 11, 2018, prior to the Supreme Court's decision in *Walker*). Accordingly, Appellant's notice of appeal, as filed on October 9, 2019, is subject to the *Walker* mandate.

was recently reaffirmed by an en banc panel of this Court. See Commonwealth v. Larkin, 235 A.3d 350 (Pa. Super. 2020) (en banc). Thus, based upon both Stansbury and Larkin, "we may overlook the requirements of Walker where [] a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." Larkin, 235 A.3d at 354.

Here, our review of the record reveals a scenario similar to that presented in Larkin and Stansbury. In its order denying Appellant's post-sentence motion, the trial court stated:

> In accordance with Pa.R.Cr[im].P. 720(B)(4), the [Appellant] is advised that he has the right to appeal his sentence to the Superior Court and that he must file his notice of appeal within [30] days of entry of this [o]rder.

Trial Court Order, 9/16/19, at 2 (emphasis added). The trial court therefore "utilized the singular" when it advised Appellant to file his notice of appeal even though "Walker required that Appellant file separate notices of appeal at each docket number." Stansbury, 219 A.3d at 160. Accordingly, the trial court misinformed Appellant regarding his appellate rights and a breakdown in the court system occurred which permits us to overlook the requirements of Walker. As such, we will proceed to review Appellant's issue on the merits.

Appellant raises the following issue on appeal:

> Whether the trial court erred in not reconsidering the discretionary aspects of Appellant's sentence on post-sentence review?

Appellant's Brief at 3.

Herein, Appellant argues that the trial court abused its discretion in fashioning his sentence. Specifically, Appellant takes issue with the trial court's decision to impose his sentences consecutively, as opposed to concurrently, and argues that the trial court sentenced Appellant "on the high end of the standard range" without considering "mitigating factors." Appellant's Brief at 14-15. Appellant's issue therefore implicates the discretionary aspects of sentencing. As this Court previously explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted).

Appellant has fulfilled the first, second, and third requirements of the above-mentioned four-part test. Appellant, however, failed to raise a substantial question. As this Court has explained, to establish a substantial question, an "appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." Commonwealth v. Cannon, 954 A.2d

- 7 -

1222, 1229 (Pa. Super. 2008). Appellant failed to make such a showing. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."[5] Id. (citation omitted). Further, a challenge to the imposition of consecutive sentences does not usually raise a substantial question. Indeed, this Court previously explained:

> Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. Commonwealth v. Pass, 914 A.2d 442, 446–447 (Pa. Super. 2006). The imposition of consecutive, rather than concurrent sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. Id. (holding challenge to court's imposition of sentence of six [] to [23] months['] imprisonment and sentence of one [] year probation running consecutive, did not present substantial question). Compare [Commonwealth v. Dodge, 957 A.2d 1198 (Pa. Super. 2008), appeal denied, 980 A.2d 605 (Pa. 2009)] (holding imposition of consecutive sentences totaling 58 ½ to 124 years['] imprisonment for [37] counts of theft-related offenses presented a substantial question because total sentence was essentially life sentence for [a 42-year-old] defendant who committed non-violent offenses with limited financial impact).

Commonwealth v. Moury, 992 A.2d 162, 169 (Pa. Super. 2010).

_____

[5] "This Court has held that a substantial question exists when a sentencing court imposed a sentence in the aggravated range without considering mitigating factors." Commonwealth v. Rhoades, 8 A.3d 912, 919 n.12 (Pa. Super. 2010) (emphasis in original), citing Commonwealth v. Felmlee, 828 A.2d 1105, 1107 (Pa. Super. 2003). Because Appellant's sentence is within the standard range, we conclude that no substantial question is raised. See Rhoades, 8 A.3d at 919, n.12.

Following our decision in Dodge, we have made clear that a challenge to the consecutive imposition of standard-range sentences does not always raise a substantial question. See Commonwealth v. Gonzalez–Dejesus, 994 A.2d 595, 598 (Pa. Super. 2010) (imposition of consecutive as opposed to concurrent sentences does not ordinarily raise a substantial question that justifies allowance of appeal). Instead, we examine such claims on a case-by-case basis. Id. This Court has determined that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case." Id. at 598–599.

Based upon our review, Appellant's sentence is not facially excessive in light of his criminal conduct. In fact, Appellant's sentence falls within the standard range of the Sentencing Code. See N.T. Sentencing Hearing, 3/1/18, at 20. Moreover, prior to sentencing, the trial court reviewed a pre-sentence investigation ("PSI") report. See id. at 18. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a [PSI] report, we will not consider the sentence excessive." Commonwealth v. Corley, 31 A.3d 293, 298 (Pa. Super. 2011) (citation omitted). "In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Id. (citation and internal quotation omitted). In this case, the trial court had the benefit of a

PSI report before fashioning Appellant's consecutive sentences for "two distinct courses of conduct—one of which contributed to the death of another." Trial Court Opinion, 1/7/20, at 5. The punishment imposed by the trial court was not excessive in light of the criminal conduct at issue. Accordingly, based upon all of the foregoing, Appellant has failed to raise a substantial question and, thus, his petition for review of the discretionary aspects of his sentence must be denied.

Judgment of sentenced affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2020